JESSIE MAE and DELBERT B. DOLLARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dollard v. Commissioner
Docket No. 20976-86.
United States Tax Court
T.C. Memo 1987-346; 1987 Tax Ct. Memo LEXIS 346; 53 T.C.M. (CCH) 1335; T.C.M. (RIA) 87346; July 20, 1987. Delbert B. Dollard, *347 pro se. James E. Cannon, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent determined deficiencies in petitioners' 1981 and 1982 Federal income taxes in the amounts of $ 796 and $ 926, respectively. The issues for decision are (1) whether petitioners qualified for a home office deduction under section 280A; [2] (2) whether certain storage, cleaning and phone answering expenses are deductible; and (3) whether certain other expenses, including amounts incurred for storage, meals, entertainment and travel, are deductible in connection with petitioners' investment in a partnership. Some of the facts have been stipulated and are so found. Petitioners, Jessie Mae Dollard *348 and Delbert B. Dollard, husband and wife, resided in Kearney, Missouri at the time of the filing of the petition in this case. Petitioners timely filed United States Individual Income Tax Returns for the taxable years 1981 and 1982 with the Internal Revenue Service at Kansas City, Missouri. In 1981 and 1982 Casteel Realty, petitioners' business, reported zero gross income and $ 133.20 gross income, respectively. After concessions, the following Schedule C deductions claimed on petitioners' 1981 and 1982 returns with respect to Casteel Realty remain in dispute: AMOUNT CLAIMED
DEDUCTION
AND IN DISPUTE
1981
10% depreciation on personal
$ 828.00
residence
Cleaning and answering
1,300.00
telephone
Office & storage in home,
720.00
fair rental value
1982
Depreciation on personal
759.00
residence
Cleaning and answering
650.00
telephone
Office & storage in home
720.00
The payments made by petitioners in 1981 and 1982 for "cleaning and answering telephone" were cash payments to petitioner Jessie Dollard's mother and sister-in-law, and petitioner Delbert Dollard's niece. The following Schedule A deductions claimed on petitioners' 1981 *349 and 1982 returns with respect to "investor expense" for the Dolworth Company Partnership remain in dispute: AMOUNT CLAIMED
DEDUCTION CLAIMED
AND IN DISPUTE
1981
Meetings and entertainment
$ 549.07
and dinner
1982
Meetings, travel exp. and
765.06
dinner
Conduct business and for
909.16
storage of records &
material, fair rental value
($ 720) & utilities
Respondent does not dispute that Dolworth Company is a partnership engaged in a trade or business. A. Casteel Realty
Petitioners deducted 10 percent of the depreciation on their personal residence, representing the use of a room in their home as an office. Respondent does not dispute that petitioners were in a trade or business, rather, respondent argues that petitioners' deductions with respect to their personal residence are limited by section 280A. Section 280A generally disallows deductions with respect to the business use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Although there are exceptions to this general rule, section 280A(c)(5) further limits any allowable home office deductions to the excess of the gross income derived *350 from the business use over the deductions allocable to such use which are otherwise allowable for the taxable year, whether or not the office was so used. Since Casteel Realty reported zero gross income in 1981, petitioners may not take a deduction with respect to the office in that year. [3] Likewise, in 1982, the expenses allowable without regard to business use exceeded petitioners' gross income derived from the home office, and thus petitioners are not entitled to any deduction. Sec. 280A(c)(5); . Petitioners claimed deductions of $ 1,300 and $ 650 in 1981 and 1982, respectively, for amounts paid to relatives for cleaning the home office, answering the telephone and filing. Respondent asserts that these expenses are not ordinary and necessary, and that even if they are allowed under section 162, they are limited by section 2800A. The amounts attributable to cleaning are amounts allocable to the use of the unit and thus are *351 not allowed pursuant to the section 280A(c)(5) limitation discussed above. As to he telephone answering and filing expenses, if a relative is employed to perform services that would otherwise be performed by someone else, a deduction is appropriate for at least the reasonable amount that would have been paid to a third person. See . We find no reason to doubt that the amounts paid to petitioners' relatives for answering the phone and filing were ordinary and necessary, since these services were not performed for the household generally. No evidence was offered as to how much paid to petitioners' relatives was attributable to cleaning and telephone service, respectively. Accordingly, following , we find that one-third of the amounts paid in each of 1981 and 1982 were allocable to answering the phone and filing, and are thus allowed under section 162. Petitioners claimed a deduction in each of 1981 and 1982 for the fair rental value of storage in their home. Petitioners conceded at trial, however, that since they would be required to also include such *352 rental value in their income, the transaction is a "wash." See . Accordingly, the deductions for office and storage in their home are disallowed. B. Dolworth Company
Petitioners deducted amounts for meetings, entertainment, travel and utilities in 1981 and 1982, as "investor expenses" in connection with their partnership "Dolworth Company" (hereinafter "the partnership" or "Dolworth"). [4]
In general, a partner cannot directly deduct the expenses of a partnership on his income tax return, even if such expenses were personally incurred by the partner in furtherance of the partnership business. , affd. without published opinion ; , affd. ; . An exception exists where according to *353 the partnership agreement or partnership practice, a partner is required to pay certain partnership expenses out of his own funds. ;; . Petitioners bear the burden of proof on this matter. Rule 142(a); . The Dolworth Company partnership agreement specifically provides that any partner paying for labor, material or repairs for partnership property will have the right to deduct such expenses. Although a partnership agreement may be entirely oral and informal, no evidence was submitted as to any informal agreement or practice among the Dolworth partners with respect to other expenses. See . Thus, we must conclude that petitioners were not obligated under the partnership agreement to pay the partnership expenses at issue, and, therefore, cannot deduct those expenses ontheir individual return. Decision will be entered under Rule 155.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. In so finding, we need not reach the question of whether petitioners would otherwise be entitled to take a home office deduction under section 280A(c)(1). The same holds true for 1982. ↩
4. Petitioners also deducted amounts for the fair rental value of storage, but, as discussed above, these amounts must also be disallowed. ↩